UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS SULLIVAN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>PERSONALIZED MEDIA COMMUNICATIONS, LLC,<br><br>　　　　　　Respondent. | Case No. 16-mc-80183-MEJ<br><br>**ORDER RE: MOTION TO QUASH SUBPOENA**<br><br>Re: Dkt. No. 1 |

## INTRODUCTION

Before the Court is non-party Petitioner Nicholas Sullivan's ("Petitioner") Motion pursuant to Federal Rule of Civil Procedure ("Rule") 45 to Quash Respondent Personalized Media Communications, LLC's ("PMC") subpoena for the deposition of Petitioner. Mot., Dkt. No. 1; Mem. of P&A ("Mem."), Dkt. No. 2.[1] PMC filed an Opposition (Opp'n, Dkt. No. 10), and Petitioner filed a Reply (Reply, Dkt. No. 11). Having considered the parties' papers, the record, and the relevant legal authority, the Court now issues the following Order.

## BACKGROUND

On August 8, 2016, PMC served Petitioner with a Rule 45 subpoena for his deposition to be taken on August 22, 2016 in San Francisco, California, the city in which Petitioner resides. Mem. at 1; *see also* Mem., Attach. A.[2] The subpoena did not specify any topics for the deposition

---

[1] As indicated, Petitioner filed his Memorandum of Points & Authorities in a separate document and docket number from his Motion. Pursuant to Civil Local Rule 7-2, Petitioner's Motion and "points and authorities in support of the motion" should have been contained in "one filed document." *See* Civ. L.R. 7-2(b).

[2] Civil Local Rule 7-5 requires that factual contentions and evidentiary matters in support of any motion must be supported by an affidavit or declaration. While no such declaration or affidavit was filed in support of Petitioner's Motion, as PMC has not disputed the authenticity of the

but indicated it derived from a patent lawsuit pending in the United States District Court for the Eastern District of Texas, *Personalized Media Communications LLC v. Apple Inc.*, Case No. 2:15-cv-1366-JRG-RSP (E.D. Tex.) (the "Texas Action").

In the Texas Action, PMC sued Apple Inc. ("Apple") for allegedly infringing on "PMC's patents through, among other products and applications, its use of a digital rights management technology known as FairPlay, which is built into many of Apple's applications and is used by many of Apple's products to deliver personalized digital media experiences to its customers." Opp'n at 1-2. Petitioner worked for Apple from July of 2007 through July of 2013. *Id.* at 2; Mot. at 2. PMC contends Petitioner "is a listed inventor on numerous patents related to the accused technology and who PMC believes was an architect of a significant portion of the source code that will help to establish Apple's infringement of PMC's patented technology." Opp'n at 2. Specifically, Petitioner is "listed as an inventor in more than 40 patents and patent publications related to FairPlay and FairPlay Streaming from the time he was an employee of Apple" and his "name is listed in many of the relevant source code modules that Apple has produced, indicating that [Petitioner] was responsible for writing the source code that made it possible for Apple to use the Accused Instrumentalities in its products and applications." *Id.* (citing Shiferman Decl. ¶ 4, Dkt. No. 10-1).

Petitioner now moves to quash PMC's subpoena on the ground that being deposed would subject him to undue burden for only cumulative and outdated discovery. *See* Mem. He notes he left Apple more than three years ago, and that while he worked on aspects of Apple's FairPlay technology, he did so under the supervision of Gianpaolo Fasoli, an Apple engineering manager who continues to work at Apple. *Id.* at 2. Petitioner contends Mr. Fasoli knows all he potentially might know about Apple's FairPlay technology and any knowledge he might have of that technology is now outdated, particularly as one of the asserted patents did not issue until 3 months after he left Apple. *Id.* at 3. Finally, Petitioner argues he is a senior engineer at another company,

---

Attachments, the Court will consider them for purposes of this Order. Additionally, the Court may take judicial notice of documents in the Texas Action. *See* Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

1  and requiring him to spend a workday away for his duties with his current employer when the
2  relevance of any information he could give is so limited is unduly burdensome. *Id.* at 2-3.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45 provides, among other things, that a party may command a non-party to testify at a deposition. Fed. R. Civ. P. 45(a)(1)(A)(iii). The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a)).

Under Rule 26, in a civil action, a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Additionally, the court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)). Rule 45 also specifically provides that "the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Lemberg Law LLC v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (quotation omitted); *see United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72

1  (9th Cir. 1982) ("Nonparty witnesses are powerless to control the scope of litigation and

2  discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation

3  to which they are not a party"). Courts in this district have consequently held that "[o]n a motion

4  to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the

5  party issuing the subpoena must demonstrate that the discovery sought is relevant." *Chevron*

6  *Corp. v. Donziger*, 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (citation omitted); *see also*

7  *Optimize Tech. Solutions, LLC v. Staples, Inc.*, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014)

8  ("The party issuing the subpoena must demonstrate that the information sought is relevant and

9  material to the allegations and claims at issue in the proceedings." (quotation omitted)).

## ANALYSIS

11  The Court will not quash PMC's subpoena to Petitioner. Petitioner's arguments come

12  down to relevance and burden, and both arguments favor PMC.

13  **A.  Relevance**

14  First, while Petitioner argues he has only outdated, cumulative information that would not

15  be relevant to PMC's claims, PMC has demonstrated otherwise. Specifically, the evidence PMC

16  has reviewed through discovery in the Texas Action reveals Petitioner is listed as an inventor on

17  numerous patents and patent publications related to the Accused Instrumentalities. Shiferman

18  Decl. ¶ 4. Furthermore, Apple disclosed source code indicating Petitioner was "an architect of the

19  software infrastructure that Apple put in place so that its products and applications could utilize

20  the Accused Instrumentalities[.]" *See id.* ¶ 3. Consequently, PMC has demonstrated Petitioner is

21  likely to be "the most knowledgeable source for information about the source code *that he wrote*"

22  even if other "senior Apple engineers may be generally knowledgeable about the implementation

23  and development of FairPlay[.]" Opp'n at 5 (emphasis in original). Petitioner does not deny the

24  significance of his role in FairPlay's development. And while he argues that all he can do is "help

25  PMC understand how the software works[,]" which "can come from anyone who understands how

26  the software works[,]" Reply at 2, as the architect of this software, he is likely to have relevant

27  information about the "day-today and more technical aspects of developing and integrating

28  FairPlay[,]" which PMC indicates is part its goal in deposing Plaintiff and relevant to its claims in

1  the Texas Action.  Thus, Petitioner is likely to have information relevant to PMC's claims at this
2  point.  *See* Opp'n at 5 (collecting cases concerning the importance of source code for accused
3  infringing products).
4        Petitioner's other arguments do not persuade the Court to a contrary finding.  Petitioner
5  argues PMC has not indicated that other Apple deponents have been unable to answer PMC's
6  questions (Reply at 1), but this is immaterial.  Petitioner may still have relevant, discoverable
7  information even in the situation he posits.  The same is true for his argument that PMC did not
8  contend other Apple deponents did not reference Plaintiff by name at their depositions.  *Id.* at 1.
9  Moreover, the fact that one of the patents-in-suit issued three months after Petitioner left Apple
10 does not necessarily mean Petitioner does not have relevant information concerning that patent
11 before it issued.  It also does not diminish the relevance of information Petitioner may have related
12 to the other patents at issue in the Texas Action.  Ultimately, Petitioner has not persuasively
13 undermined PMC's arguments that he has relevant information to its case.

**B.     Burden**

15       Second, as to burden, Petitioner has not shown how his burden is so significant that the
16 subpoena must be quashed.  "A party claiming undue burden or expense ordinarily has far better
17 information -- perhaps the only information -- with respect to that part of the determination."  Fed.
18 R. Civ. P. 26(b)(1), Advisory Comm.'s Note (2015).  "As a result, it has long been clear that a
19 party claiming that discovery imposes an undue burden must 'allege specific facts which indicate
20 the nature and extent of the burden, usually by affidavit or other reliable evidence.'"  *Nationstar*
21 *Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 2016 WL 4071988, at *4 (D. Nev.
22 July 28, 2016) (quotation omitted).  "Conclusory or speculative statements of harm,
23 inconvenience, or expense are plainly insufficient[,]" and "courts have made clear that identifying
24 the generalized burden of being deposed while holding a [high-level] position . . . is insufficient
25 grounds for precluding a deposition."  *Id.* (citing *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282
26 F.R.D. 259, 268 (N.D. Cal. 2012)).  Petitioner offers nothing more than a generalized burden
27 argument.  While the Court does not take lightly the inherent burden of a deposition, particularly
28 for a non-party, PMC subpoenaed Petitioner for his deposition to take place within three miles

1 from his home and work and has offered to take his deposition outside of normal business hours to
2 lessen the inconvenience to Petitioner.  Opp'n at 4 (citing Shiferman Decl. ¶ 7).  The Court thus
3 has no grounds to find that the burden sufficient to preclude this deposition.

## CONCLUSION

Based on the foregoing analysis, the Court **DENIES** Petitioner's Motion to Quash. However, in deposing Petitioner, PMC must make the efforts to minimize the burden to Petitioner as indicated in its briefing and declarations to the Court.  Additionally, as PMC did not provide the precise topics on which it plans to depose Petitioner, the Court **ORDERS** PMC to provide those topics within five (5) business days before Petitioner's deposition date.  The Court further **LIMITS** the deposition to no more than four (4) hours to ensure it is not unduly burdensome in light of the information Petitioner may have at this point.  *See C.B.S.*, 666 F.2d at 369 ("[A] court may be as inventive as the necessities of a particular case require in order to achieve the benign purposes of [Rule 26(b)(2)(C)]." (quoting 8A Charles Alan Wright et al., Federal Practice & Procedure § 2036)).

**IT IS SO ORDERED.**

Dated: September 21, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge